UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.    CASE NO: 6:12-cr-169-Orl-28EJK

RANDALL RODGERS

### ORDER

Before me is Defendant's "Certification of Defendant's Pro-Se Affidavit (Pursuant to 28 U.S.C. 144) in Support of Expedited Motion for Judicial Recast; Defendant's (Pro-Se) Expedited Motion for Judicial Recast Pursuant to 28 U.S.C. 45 et seq.; Defendant's Notice of Adjudicative Facts Pursuant to Fed. R. Evid. 201 (Re Evidence in Support of Motion for Judicial Recusal, et seq.)." (Doc. 72). I construe this document to be a motion for me to recuse myself from this case. Because an objective observer would not entertain a significant doubt about my impartiality in this case, the motion is due to be denied.

28 U.S.C. § 455(a) provides that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is required whenever a judge has "any . . . interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). The test under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Chandler*, 996 F.2d 1073 (11th Cir. 1993).

After I accepted Defendant's guilty plea to wire fraud and aggravated identity theft, I sentenced him to 121 months followed by three years of supervised release on December 6, 2012. (Docs. 33, 34). The crime involved the theft of credit card account numbers from

entities such as American Express, Visa, and MasterCard. (Doc. 22). The victims include numerous banks, credit unions, and others. (Presentence Investigation Report – "PSR"). One of the victim banks is Wells Fargo in the amount of $7,440.88. (*Id.*). Defendant asserts in his motion that the victims of his crime include Wells Fargo Bank, SunTrust Bank, Alliance Bank, Wachovia Bank, American Express and Washington Mutual Bank. (Doc. 72 at 3). However, the victim list in the PSR does not include SunTrust Bank, Alliance Bank, Wachovia Bank or Washington Mutual Bank. (PSR). American Express is listed as a victim.

I have a Wells Fargo money market account and checking account. I do not have an American Express account. Money market accounts are fixed income mutual funds. "Ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." Canon 3C(3)(c)(i) of the Code of Conduct for United States Judges. *See also Guide to Judiciary Policy,* Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics Advisory Opinions, Ch. 2: Published Advisory Opinions, § 220 Committee on Codes of Conduct Advisory Opinions, No. 106, Mutual or Common Investment Funds. This account is not managed by me. And, maintaining a bank account does not require a judge to recuse himself from cases in which the bank is a party. *See Westley v. Hultman,* No. 8:17-cv-729-T-33TBM, 2017 WL 7355317, *1-2 (M.D. Fla., May 5, 2017); Advisory Opinion 94. Of course, no bank was a party to this case. Further, a reimbursement to Wells Fargo of $7,440.88 will not have a substantial affect on Wells Fargo nor my accounts with them.

"There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *In re* Moody, 755 F.3d 891, 895

(11th Cir. 2014) quoting, *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal punctuation and citation omitted). "Indeed, 'a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.'" *In re Moody*, 755 F.3d at 895, quoting, *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986). Defendant has not shown any basis for my recusal.

Defendant having failed to show that recusal is warranted in the instant case, his motion for recusal is **DENIED**.[1]

**DONE** and **ORDERED** in Orlando, Florida on ~~November~~ December 1st, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Randall Rodgers

---

[1] I note that Defendant refers to an amended "3582 Application" arguing that it should be allowed to proceed for review. (Doc. 72 at 2). The amended "3582 Application" (Doc. 71), docketed after the Court's Order denying Defendant's Motion for Compassionate Release (Doc. 70), is construed as a reply as it addresses the Government's response to Defendant's original motion. The Local Rules provide that no party may file a reply unless the Court grants leave. L.R. 3.01(c). Defendant did not seek, and the Court did not grant, leave to file a reply. Nor did Defendant seek leave to file an amended motion. And, notably, Defendant himself asserted in his original motion the following: "If the counsel for the Government writes a response in opposition to this motion I do not wish to file a response to such opposition the facts to this motion have been stated and attached and I have nothing further to add after this motion is filed with the district court." (Doc. 65 at 6). There is no pending amended "3582 Application."

3